NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **OPINION AND ORDER** |
| v. | Civ. No. 14-cv-07217 (WHW) |
| $119,000 UNITED STATES CURRENCY, | |
| Defendant in rem. | |

**Walls, Senior District Judge**

In this civil forfeiture proceeding for money seized in a property search, Elusive Soles, LLC, Aamir Williams, and Luke Pulido ("Claimants") move the Court for leave to file an untimely verified claim to the money. Mot. for Extension, ECF No. 7. Claimants' motion is unopposed by the Government. Letter from Barbara Ward ("Ward Letter"), ECF No. 8. Without oral argument under Federal Rule of Civil Procedure 78(b), the Court grants Claimants' motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 17, 2014, members of the U.S. Drug Enforcement Administration ("DEA") seized $119,000 from claimant Aamir Williams at Newark Liberty International Airport. Compl. ¶¶ 1, 28. On December 2, 2014, the Government filed a Notice of Complaint for Forfeiture of the seized funds under 21 U.S.C. § 881(a)(6). Notice of Compl. for Forfeiture, ECF No. 3. Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions required that any claim to the funds be filed by January 7, 2015. Fed. R. Civ. Proc. Supp. G(5)(a)(ii)(A). On December 31, 2014, Claimants filed an answer to the complaint without filing a verified claim.

1

**NOT FOR PUBLICATION**

Answer, ECF No. 6. Claimants' counsel attests that he "misunderstood the requirements and believed that another verified claim was not required since he had already filed one" with the Asset Forfeiture Section of the DEA. Claimants' Mem. 1, ECF No. 7-1. Claimants' counsel filed the present motion for leave to file a verified claim out of time on January 20, 2015. Assistant U.S. Attorney Barbara Ward, representing the Government, asserts that

> Counsel for the claimants, Bruce Regenstreich, Esq., filed an answer within the time period allowed for the filing of a claim. Noticing his oversight in not filing a claim, Mr. Regenstreich contacted the undersigned within days, offered an explanation of the situation, and asked for the Government's consent to [ ] remedy the problem. In these circumstances, the Government does not object to the claimants' motion for leave to file a verified claim out of time.

Ward Letter 1.

## LEGAL STANDARD

The Court of Appeals for the Third Circuit has stated that the "most significant requirement" in civil forfeiture actions "is that the claimant must timely file a verified statement of interest." *United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007), *as amended* (May 14, 2007). "The timely filing of a verified statement of interest allows the court to hear all interested parties and to resolve the dispute without delay, and it also minimizes the danger of false claims." *United States v. $102,535.00 in U.S. Currency*, 499 F. App'x 134, 136 (3d Cir. 2012). As such, the Third Circuit has "emphasized that forfeiture claimants must strictly adhere to the filing requirements." *Id.*

The Third Circuit has also recognized, however, that "extraordinary circumstances" exist in which a district court's strict application of filing requirements would improperly yield outcomes that defy "old-fashioned common sense." *United States v. Various Computers & Computer Equip.*, 82 F.3d 582, 585 (3d Cir. 1996); *United States v. $31,852.38 in U.S. Currency*,

**NOT FOR PUBLICATION**

183 F. App'x 237, 241 (3d Cir. 2006); *see also United States v. $263,327.95*, 936 F. Supp. 2d 468, 472 (D.N.J. 2013).

## DISCUSSION

Claimants attest that their failure to file a verified claim with their answer arose from their counsel's misunderstanding of the filing requirements. Claimants' Mem. 1. The Court is mindful of the Third Circuit's concern that late filing of verified claims can delay resolutions and give rise to the danger of false claims. *$487,825.000*, 484 F.3d at 665. These threats do not appear to be present here. There is minimal delay because Claimants contacted the Government within days of missing the filing deadline and submitted the present motion for leave to file their untimely claim within two weeks of missing the deadline. Claimants' verification of an earlier claim filed with the DEA minimizes the danger of falsity.[1] Importantly, the Government does not oppose Claimants' motion. The Court finds that the present circumstances are sufficiently extraordinary to justify the late filing of Claimants' verified claim.

## CONCLUSION AND ORDER

It is, on this 24th day of March, 2015, ORDERED that leave is given for Claimants to file a verified claim within seven days of the date of this order.

/s/ William H. Walls
United States Senior District Judge

---

[1] Claimants' filing of an earlier verified claim with the DEA does not satisfy the filing requirements for this action. *See United States v. $31,852.38 in U.S. Currency*, 183 F. App'x 237, 241 (3d Cir. 2006).